*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-127

NOVEMBER TERM, 2016

| | |
|---|---|
| Joseph Clough | } APPEALED FROM: |
| | } |
| | } Superior Court, Caledonia Unit, |
| v. | } Family Division |
| | } |
| | } |
| Olga Arapina | } DOCKET NO. 216-10-14 Cadm |

Trial Judge: M. Kathleen Manley
Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order. On appeal, he argues that the court erred in awarding wife temporary spousal maintenance and in disregarding a notarized agreement wife signed regarding terminating the marriage. We affirm.

The parties were married in June 2013 and separated in August 2014. Wife is a citizen of Ukraine and husband is a U.S. citizen and resident of Vermont. They met on an internet dating site in 2011. After an eighteen-month courtship, including four personal visits, wife and her son moved to husband's home in March 2013. Wife brought $11,500 in cash with her. Wife had been employed by a bank in Ukraine and owned a home in Ukraine that was worth $140,000 at the time the parties met. Wife entered the country on a ninety-day fiancée visa. Husband refused to sign an affidavit-of-support form that would have allowed her to adjust her legal status and obtain a driver's license and become employed. The form would have required husband to provide partial support to wife if they separated. Prior to completing the form, husband wanted wife to "combine" assets with him by selling her apartment in Ukraine. Wife indicated that she was unable to sell the apartment due to regulations that gave rights in the home to her minor child. In June 2014, wife and her son moved to a friend's home in Pennsylvania. The parties attempted to reconcile in September 2014, but continued to have differences about the immigration form.

In October 2014, husband filed for divorce. That same month wife moved for monthly temporary maintenance of $2500 until June 2015. Following a contested hearing, the court granted wife's motion based on the following findings. The court did not credit husband's claim that wife entered the marriage fraudulently. The court found that wife did not misrepresent herself or her financial situation. The court found that wife was not able to support herself at the standard of living established during the marriage because she was unable to work legally in the United States and was receiving only sporadic rental payments from her apartment in Ukraine. The court found that wife was taking steps to obtain employment, but that short-term maintenance was warranted. The court found that husband had the ability to pay some maintenance. The court granted wife a sum of $1000 monthly retroactive to October 2014 and ending in June 2015. Husband filed a

motion to reconsider, which was denied. Wife moved to enforce the order, and the court combined consideration of the motion with consideration of the merits.

Following a hearing, the court made findings on the record. The court found that both parties contributed financially to the marriage—husband was employed, and the cash wife had brought with her was spent during the marriage. The court found that husband's health issues did not impact his ability to work and that husband makes about $40,000 annually. The court found at the time of the final hearing that it was difficult to determine the value of wife's home in Ukraine given the military conflict in Ukraine and concurrent economic difficulties in that country and set the value at $50,000. The court rejected husband's claim that wife entered the marriage fraudulently as a vehicle for entering the United States. The court found that wife could not return to the employment she had prior to the marriage, but that she would be able to obtain employment in the near future. The court concluded that the parties should retain the property in their names.

In relation to wife's motion to enforce the temporary maintenance order, the court found that $8000 was owing and that husband had paid wife just $400. The court found that husband had the ability to pay the ordered maintenance and granted the motion to enforce. The court's written order required husband to pay $7600 in unpaid temporary spousal maintenance and $450 for the cost of reasonable attorney's fees to enforce the order.

On appeal, husband argues that the court erred in awarding temporary maintenance. During a separation period, the court has authority to grant either party "temporary relief" and make orders pending final hearing that it "would be authorized to make upon final hearing." 15 V.S.A. § 584a. Among other things, at the final hearing, the court is authorized to award maintenance to parties who lack sufficient income to provide for their reasonable needs and are unable to support themselves through employment at the standard of living established during the marriage. See 15 V.S.A. § 752(a) (setting forth basis for awarding maintenance). The amount and duration of maintenance are determined by looking at the statutory factors including the parties' financial resources, the time and expense required for a party to obtain employment, the standard of living during the marriage, the duration of the marriage, the parties' ages and health, and the paying spouse's ability to pay. 15 V.S.A. § 752(b). The trial court has broad discretion in setting maintenance and "and we will set aside an award only when there is no reasonable basis to support it." Delozier v. Delozier, 161 Vt. 377, 381 (1994).

Husband asserts that wife was not entitled to maintenance because she did not meet the threshold need requirement—he contends that she supported herself during the marriage and could continue to do so. Husband's argument is an attempt to retry the facts, asserting that wife had more income than the court found,[1] that wife was financially independent, and that wife had been self-supporting during the marriage. It is up to the trial court as factfinder to resolve the credibility and weight of the evidence. Casavant v. Allen, 2016 VT 89, ¶ 21. On appeal, the court's factual findings concerning the award of maintenance will be affirmed "unless, viewing the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, there is no credible evidence to support them." Sochin v. Sochin, 2004 VT 85, ¶ 10, 177 Vt. 540 (mem.). Here, there was evidence to support the court's findings that wife could not provide for

---

[1] In his brief, husband hypothesizes that wife brought more cash into the country than she disclosed and that her former husband had provided her or her son with additional money. The court did not credit these allegations, and we do not consider them on appeal.

her reasonable needs or support herself through employment and there are no grounds to reverse those findings on appeal.

Husband further asserts that the weight of the evidence does not support an award of maintenance to wife and sets out his own assessment of the statutory factors.[2] In husband's view, wife had sufficient financial resources to meet her needs, wife would become employed soon, and husband did not have the income to meet his reasonable needs and pay maintenance. Although husband has a different view of the evidence, husband fails to demonstrate that the court's assessment was an abuse of discretion. The court awarded maintenance based on its findings that wife was unable to obtain employment due to her legal status, wife lacked other assets to support herself, husband's age and health did not affect his ability to work, and husband had sufficient income to make temporary payments. The maintenance was for a short, fixed period of time based specifically on the time period when wife was unable to work and support herself. Although husband contends that he did not have the income to provide maintenance and meet his reasonable needs, the court found that he had an ability to pay. The court found that husband's monthly income was $4075. Although husband's listed expenses were $6156 a month,[3] the court found that his figures were difficult to reconcile since there was a large discrepancy between husband's reported income and expenses and yet husband had been able to consistently meet his expenses and also save for retirement and his son's college education. The court found that for the limited period of time, husband could pay wife $1000 monthly and still meet his reasonable needs. Given the short period for which maintenance was granted and the evidence of husband's income, expenses, and assets, this finding is supported. See Mayville v. Mayville, 2010 VT 94, ¶ 10, 189 Vt. 1 (explaining that in setting maintenance ability to pay is one of many factors court is required to consider and court also considers property of payor spouse).

Husband's reliance on cases from other states pertaining to marriages involving an immigrant spouse do not persuade us otherwise. Husband contends that he did not execute an immigration form providing an affidavit of support and therefore his situation is different from the situation in cases awarding maintenance to an immigrant spouse. See, e.g., Love v. Love, 2011 PA Super 268, 33 A.3d 1268. He further alleges that he is now in a worse position than if he had signed the form, because he claims that in that situation he would have been obligated to support wife only at or above 125% of the federal poverty guidelines. Id. at 1273 (holding that court required to enforce husband's contractual obligation pursuant to affidavit of financial support). Since husband did not execute the form, the cases relying on the form are not relevant. As detailed

---

[2] Husband also challenges the court's finding that wife did not enter the marriage fraudulently. There is sufficient evidence to support this finding including the uncontroverted evidence that the parties' courtship occurred over a long time period, wife left good employment to marry husband, and wife did not misrepresent herself or her financial situation.

[3] On appeal, husband contends that there was not a large discrepancy between his expenses and his income and contends that he did not have the ability to pay maintenance. He clarifies that taking into account some corrections on the expense form he submitted and deducting $1472 in monthly tax-deductible expenses, his un-deducted expenses were actually $3782, plus an additional monthly federal tax of $679. He asserts that this demonstrates that he was barely able to meet his monthly expenses and did not have the ability to pay maintenance. These assertions are insufficient to show that the court abused its discretion in concluding based on the evidence presented at trial that husband could afford to pay maintenance of $1000 a month for eight months.

above, the court properly based its award on a consideration of the statutory factors, and that award was reasonable.

Husband's final argument is that the court improperly disregarded a notarized statement made by wife. The document to which husband refers is dated June 2014, states that the parties will divorce, that wife has agreed that the parties will keep their respective homes and assets, and that the parties have agreed they do not want anything from each other. It is signed by wife and notarized. According to husband, this was an agreement that was enforceable, and cites Bassler v. Bassler, 156 Vt. 353, 361 (1991), which involved an attempt to enforce an antenuptial agreement. Wife claims that it was signed under duress. We need not reach the question of whether the document was signed under duress because wife's sole statement was not an agreement between the parties and cannot be enforced as such.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

4